IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 97-20562
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESUS RANGEL JASSO; JOSE JASSO, JR.;
LEONEL SALVADOR TIJERINA; EDUARDO ESCOBEDO,

Defendants-Appellants.

———————————

Appeals from the United States District Court
for the Southern District of Texas
USDC No. H-96-CR-241-1

———————————

June 17, 1998

Before KING, HIGGINBOTHAM and DAVIS, Circuit Judges.

PER CURIAM:[*]

Jesus Rangel Jasso, Leonel Salvador Tijerina, and Eduardo Escobedo appeal their convictions for conspiracy to possess with intent to distribute cocaine and for such possession. Jose Jasso, Jr. appeals his conviction on the conspiracy count; the jury acquitted him on the possession count. We AFFIRM.

———————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

First, Tijerina, Jasso and Escobedo contend that the district court abused its discretion by refusing to give a requested jury instruction concerning the quantity and quality of proof necessary to establish "knowing possession" of contraband hidden in a vehicle. We find that the district court adequately instructed the jury on the element of guilty knowledge. The district court defined the term "knowingly" and also admonished the jury that it could not convict a defendant for merely having been present at the scene.

In addition, defendants' argument lacks merit because there is no evidentiary basis to require the court to give the requested instruction since it is erroneously based upon the premise that the cocaine was "hidden in a vehicle." Before the drug transaction was terminated by the police raid team, the two duffle bags containing cocaine were removed from the car by Tijerina and Escobedo and carried into the house. Once in the house, Jasso removed some cocaine from one of the packages so that undercover police officer Green could "test" the cocaine and pronounce it acceptable and Tijerina then asked Green to call his "money man." This constituted uncontradicted evidence that Tijerina, Escobedo and Jasso possessed the requisite guilty knowledge. Therefore, the district court did not abuse its discretion in refusing to give the instruction requested by the defendants regarding "knowing possession" of contraband "hidden

in a vehicle." See <u>United States v. Box</u>, 50 F.3d 345, 353 (5th Cir. 1995).

Second, there is sufficient evidence to support the conspiracy convictions of Jasso, Jr., Tijerina, and Escobedo. The evidence is also sufficient to support the convictions of Tijerina and Escobedo on the possession count. See <u>United States v. Ivy</u>, 973 F.2d 1184, 1188 (5th Cir. 1992).

Finally, the district court did not abuse its discretion by denying Escobedo's amended motion to sever his trial from that of Tijerina. As the district court noted, Tijerina's affidavit in support of the motion did not adequately state what exculpatory testimony Tijerina would give. See <u>United States v. Jobe</u>, 101 F.3d 1046, 1060 (5th Cir. 1996), <u>cert. denied</u>, 118 S.Ct. 81 (1997). Moreover, neither the district court nor the Government is required to grant use immunity to Tijerina. See <u>United States v. Bustamante</u>, 45 F.3d 933, 943 (5th Cir. 1995). Tijerina stated in his affidavit that he would invoke his Fifth Amendment privilege not to testify, unless the court granted Escobedo's request for severance. In other words, he would not have testified for Escobedo unless he received use immunity. Thus, the district court did not abuse its discretion in denying Escobedo's motion to sever.

AFFIRMED.